DOWNEY, Judge.
By petition for writ of certiorari the City of Plantation and the Board of Trustees of the City of Plantation Employees Retirement System seek review of an order of the circuit court rendered in its appellate capacity.
The petition sets forth that respondent, Lawrence J. May, a police officer in the City of Plantation, sought disability retirement benefits pursuant to the Employees Retirement System as set forth in Chapter 9A; Code of Ordinances of the City of Plantation. The Board of Trustees of the retirement system found May was totally and permanently disabled within the meaning of section 9A-4(l)(c) and was thus entitled to retire at seventy percent of his monthly compensation. May also requested supplemental disability benefits under section 9A-4(l)(d), which were denied. Thereafter, May sought review of that ruling in the circuit court, which held that the Board had erred in denying May the supplemental disability benefit of fifteen percent in addition to the seventy percent benefit.
Our examination of the record within the confines of this type of certiorari review compels us to conclude that the circuit court departed from the essential requirements of law and thus we grant the writ of certiorari and quash the order being reviewed.
The problem presented in this case is created by virtue of the rather obtuse drafting of the disability benefit provision contained in the Employees Retirement System Ordinance. The pertinent parts of the relevant provisions thereof are set forth in the margin.[1]
Respondent contends that police officers are a favored class under the disability retirement system as evidenced by the provision for supplemental disability benefit of fifteen percent over and above the seventy *1327 percent to which other members are entitled. Furthermore, he says the provision of 9A-4(l)(d), which states that a police officer who is determined to be totally and permanently disabled under 9A-4(l)(c) is not entitled to retire under paragraph (d), is meaningless. He reaches that conclusion because any police officer who meets the definition of total disability contained in (c), which means unable to be gainfully employed, will automatically meet the definition of total disability under subsection (d), which means incapacitated to perform the normal duties of a police officer. The City and the Board are of a different view. They suggest the scheme followed in the disability retirement ordinance does, in fact, favor police officers, but not by giving an officer who retires with a “totally permanent” disability so that he cannot work at any occupation an eighty-five percent retirement benefit. Rather, they contend the supplemental benefit allows police officers who are disabled so as to be unable to do police work but are able to do other work to retire with a fifteen percent benefit. We believe the analysis of the City and the Board is correct.
Section 9A-4 provides the retirement dates for all members — normal retirement, early retirement, disability retirement for all members, and supplemental retirement for police officers. Subsection (c) applies to all members including police and allows retirement if one is totally and permanently disabled. The section is careful to define totally and permanently as used in (c) as meaning the disability is total and it is permanent, i.e. the person can do no work at all. Subsection (d) allows an officer to retire if he is totally and permanently disabled, meaning only that he is unable to do police work. Thus, there is a vast difference between being disabled under (c) and (d). So that there would be no “stacking” or “double dipping” subsection (d) provides that one who is determined to be totally and permanently disabled under (c) cannot also retire under (d). Thus, the bottom line is that, if you are totally and permanently disabled under (c), and thereby entitled to a benefit of seventy percent of your salary, you cannot retire under (d) also and receive an additional fifteen percent. Only those who are disabled from any police work but can otherwise work can take the fifteen percent retirement under (d).
Accordingly, the petition for writ of cer-tiorari is granted and the order under review is quashed and the cause is remanded to the circuit court with directions to reinstate the order of the Board.
LETTS and WALDEN, JJ., concur.

. Sec. 9A-4. Retirement dates.
(1) The respective retirement dates for members shall be as follows:
(a) Normal retirement date.
* * * * ⅜ *
(b) Early retirement.
******
(c) Disability retirement date: All members. A member who becomes totally and permanently disabled as a result of an act occurring in the performance of service to the city, ... shall be entitled to retire from employment on the ninety-first day following the occurrence of such disability ... For purposes of this paragraph (c), "totally disabled” shall mean that the disability shall render the member unable to be gainfully employed; "permanently disabled” shall mean that the member is likely to remain totally disabled continuously and permanently....
(d) Disability retirement date: Supplemental disability provision for police officers.
A police officer who becomes totally and permanently disabled as a result of an act occurring in the performance of service to the city, which disability renders the police officer permanently incapacitated to perform the normal duties of a police officer, as ultimately determined by the board acting pursuant to uniform rules of procedure, shall be entitled to retire from employment on the ninety-first day following the occurrence of such disability, provided the police officer is still disabled on that day. A police officer who is determined to be totally and permanently disabled according to the provisions of paragraph (c) of this section shall not be entitled to retire under this paragraph (d)....
Sec. 9A-5 Retirement benefit.
(1) The retirement benefits for members shall be as follows:
(a) Normal retirement benefit.
******
(b) Delayed retirement benefit.
******
(c) Early retirement benefit.
* * * * * *
(d) Disability retirement benefit: All members. A member shall receive upon retirement at his disability retirement date a monthly benefit equal to seventy (70) percent of his monthly compensation at the time of disability....
******
(e) Disability retirement benefit: Supplemental disability provision for police officers
A police officer shall receive upon retirement at his supplemental disability retirement date a monthly benefit equal to fifteen (15) per cent of his monthly compensation at the time of disability....